[No. H001962. Sixth Dist. July 20, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL BRIAN MARTINSEN, Defendant and Appellant.

## COUNSEL

Joan Isserlis, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Martin S. Kaye and Catherine A. Rivlin, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CAPACCIOLI, J.**—Michael Brian Martinsen appeals from a judgment of conviction of possession of cocaine (Health & Saf. Code, § 11350, subd. (a)). The principal issue on appeal is whether the trial court erred in denying defendant's motion to compel referral for drug diversion under Penal Code[1] section 1000.[2] For reasons set forth below, we affirm.

### BACKGROUND

Defendant was arrested for the instant offense on August 3, 1985. Prior to his arrest, he had suffered at least two misdemeanor convictions for

---

[1] All further references are to the Penal Code unless otherwise indicated.

[2] Section 1000 provides in relevant part: "(a) This chapter shall apply whenever a case is before any court upon an accusatory pleading for violation of Section 11350, 11357, 11364, 11365, 11377, or 11550 of the Health and Safety Code . . . and it appears to the district attorney that . . . all of the following apply to the defendant: [¶] (1) The defendant has no conviction for any offense involving controlled substances prior to the alleged commission of the charged divertible offense. [¶] (2) The offense charged did not involve a crime of violence or threatened violence. [¶] .(3) There is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision. [¶] (4) The defendant's record does not indicate that a probation or parole has ever been revoked without thereafter being completed. [¶] (5) The defendant's record does not indicate that he has been diverted pursuant to this chapter within five years prior to the alleged commission of the charged divertible offense. [¶] (6) The defendant has no prior felony conviction within five years prior to the alleged commission of the charged divertible offense. [¶] (b) The district attorney shall review his file to determine whether or not paragraphs (1) to (6), inclusive, of subdivision (a) are applicable to the defendant. If the defendant is found ineligible, the district attorney shall file with the court a declaration in writing or state for the record the grounds upon which the determination is based, and shall make this information available to the defendant and his attorney."

driving under the influence of alcohol (Santa Clara County Mun. Ct. Nos. C8283094 and C8467321).[3] On each occasion, defendant was placed on probation for a three-year period, fined and required to serve a county jail sentence. At the time of his arrest, probation in both cases had been summarily revoked.

On February 4, 1986, defendant appeared before the municipal court with a request to modify his probationary status. The court granted defendant's request. In each case, probation was reinstated, the balance of the fine was cancelled, probation was terminated and defendant was remanded to custody to serve a jail sentence.[4]

Thereafter, defendant moved to have the superior court refer the underlying matter to the probation department pursuant to the drug diversion statute. In points and authorities filed in support of the motion, defendant acknowledged a third misdemeanor conviction (Santa Clara County Mun. Ct. No. C8325982), but asserted probation had never been granted in that matter. Anticipating the district attorney's position, defendant contended the minutes of the February 4th hearing in municipal court established his eligibility for diversion and argued that the bar of section 1000, subdivision (a)(4) (hereafter § 1000(a)(4)) was inapplicable. In response, the district attorney filed a "Notice of Ineligibility for Referral", citing the bar of section 1000(a)(4) as the ground for said ineligibility. Attached thereto were the municipal court minutes in case numbers C8283094 and C8467321. Although he presented no evidence to support the allegation, the prosecutor alleged that defendant's probation in case number C8325982 had been revoked. In points and authorities submitted to the court in opposition to defendant's motion, the district attorney contended defendant was ineligible for diversion because he had not successfully completed probation: "Successful completion would seem to involve the carrying out of all the conditions of the probation. The termination of the probation was the result of repeated violations of the conditions of probation by the defendant and subsequent summary revocations by the Court."

At the motion for diversion, heard over the People's objection, the superior court agreed with the prosecutor's reasoning and denied defendant's request for diversion on the ground that he had not satisfactorily completed

---

[3] The record establishes that defendant had also suffered a third misdemeanor conviction, apparently for driving under the influence of alcohol. However, his probationary status with respect to this offense is unclear.

[4] This court augmented the record on appeal to include the transcript of defendant's municipal court appearance. That transcript establishes that the municipal court granted defendant's motion to modify probation with the explicit intent of rendering him eligible for diversion in the superior court proceedings.

probation: "Defendant did not satisfactorily complete probation. I think that's the gravamen of the argument. I think that's what I'm turning this case on, and that's why I'm deciding it this way. He did not satisfactorily complete under the terms imposed by the Court. For that reason the Defendant is not eligible for diversion." Although defendant offered to provide the court with a transcript of the municipal court proceedings in order to clarify the effect and purpose of that court's order, the superior court elected to base its determination on the municipal court minutes.[5]

Following voluntary submission of the matter on the preliminary hearing transcript, defendant was found guilty of possession of cocaine. This appeal followed.

## DISCUSSION

Sections 1000-1000.5 authorize trial courts to "divert" from the normal criminal process defendants who are formally charged with specified drug offenses, have not yet proceeded to trial, and are determined to be suitable for treatment and rehabilitation at the local level. (*People* v. *Superior Court (On Tai Ho)* (1974) 11 Cal.3d 59, 61 [113 Cal.Rptr 21, 520 P.2d 405]; (*People* v. *Hayes* (1985) 163 Cal.App.3d 371, 373 [209 Cal.Rptr. 441].) The statutes qualify as remedial legislation and, as such, are to be liberally construed to promote their general purpose. (*People* v. *Fulk* (1974) 39 Cal.App.3d 851, 855 [114 Cal.Rptr. 567].) The purpose of the diversion statutes are two-fold: "First, diversion permits the courts to identify the experimental or tentative user before he becomes deeply involved with drugs, to show him the error of his ways by prompt exposure to educational and counseling programs in his own community, and to restore him to productive citizenship without the lasting stigma of a criminal conviction. Second, reliance on this quick and inexpensive method of disposition, when appropriate, reduces the clogging of the criminal justice system by drug abuse prosecutions and thus enables the courts to devote their limited time and resources to cases requiring full criminal processing. [Citations.]" (*People* v. *Superior Court (On Tai Ho), supra,* 11 Cal.3d 59, 61-62, fn. omitted.)

Section 1000 sets forth the eligibility requirements for diversion and imposes upon the district attorney the duty of reviewing defendant's file to determine whether the defendant meets those requirements. If a defendant is found eligible, the case is referred to the probation department for an investigation of the defendant's suitability. The matter then proceeds to a

---

[5] As was the decision of the superior court, our ruling is premised upon the municipal court minutes.

hearing at which time the court makes the ultimate decision whether or not to divert the defendant from further prosecution. (§§ 1001.1-1001.2.)

However, if the defendant is found ineligible because he does not meet the criteria set forth in subdivisions (1) through (6) of subdivision (a), the district attorney must "file with the court a declaration in writing or state for the record the grounds upon which the determination is based, and shall make this information available to the defendant and his attorney." (§ 1000, subd. (b).)

In the instant case, the trial court determined the diversion statute was inapplicable to defendant because he had not successfully completed probation as required by section 1000(a)(4). That section, as amended in 1975, precludes diversion where a defendant's record indicates that probation or parole has been revoked "without thereafter being completed." When the Legislature first enacted this subdivision, a defendant was eligible for diversion only if he had "no record of probation or parole violations." Thus, the 1975 amendment broadened the statute to include individuals who had suffered probation or parole revocations so long as probation or parole had subsequently been completed.

■ Defendant contends the trial court improperly denied diversion because it misinterpreted section 1000(a)(4) by equating a completion of probation with a "successful" or "satisfactory" completion of probation, thus reading into the statute a more stringent condition for eligibility than the Legislature meant to impose and focusing upon defendant's revocations as opposed to his "completion" of probation. We disagree.

■ The fundamental rule of statutory construction is that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. (*People* v. *Overstreet* (1986) 42 Cal.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288].) In addition, statutes must be construed so as to give a reasonable and common-sense construction consistent with the apparent purpose and intention of the lawmakers — a construction that is practical rather than technical, and will lead to wise policy rather than mischief or absurdity. (*City of Costa Mesa* v. *McKenzie* (1973) 30 Cal.App.3d 763, 770 [106 Cal.Rptr. 569].) In approaching this task, the courts may consider the consequences which might flow from a particular interpretation and must construe the statute with a view to promoting rather than defeating its general purpose and the policy behind it. (*Ibid.*) Application of these rules, leads us to the conclusion that the Legislature did not intend the diversion statute to apply in the present case.

■ It is a fundamental California view that probation provides a means whereby the trial court may retain jurisdiction over a defendant for the

primary purpose of rehabilitation. (*People* v. *Angus* (1980) 114 Cal.App.3d 973, 985 [171 Cal.Rptr. 5].) Accordingly, a trial court has broad discretion to impose restrictive probationary conditions in order to foster rehabilitation. (*In re Bushman* (1970) 1 Cal.3d 767, 776 [83 Cal.Rptr. 375, 463 P.2d 727].) When a probationer violates a condition of probation or commits a new offense, the trial court is again vested with a very broad discretion in determining whether to continue or revoke his probationary status. (§ 1203.2; *Angus, supra,* 114 Cal.App.3d at p. 987.) In the event that the court determines to continue probation, it has authority to modify and change any and all such terms and conditions consistent with the rehabilitative purpose of probation. (§ 1203.1.) Upon fulfillment of all said conditions, probation expires at the end of the probationary term, or sooner, when the court determines the good conduct and reform of the probationer warrant an early termination. (§ 1203.3.)

Rehabilitation is also the primary purpose underlying the diversion statute. To this end, the Legislature set forth certain eligibility requirements intended to render eligible those individuals who are most likely to benefit from the diversion program. Such a program entails the divertee's cooperation in local education, treatment or rehabilitation programs under the supervision of the probation department. (§§ 1000.2, 1000.3.)

■■■ The rehabilitative aim of the diversion statute and the necessity for the divertee's cooperation in that process convince us that the completion of probation mandated in section 1000(a)(4) must be construed to require a satisfactory or successful termination of probation. It is only logical that a person who has shown himself willing to abide by the terms of probation and complete the rehabilitative process, is more likely to benefit from diversion. Conversely, an individual whose previous probationary grant "has been revoked and not thereafter completed" has evidenced a refusal to abide by the terms and conditions of probation thereby indicating that he has little chance of succeeding in, or benefiting from, a diversion program. Unless he has demonstrated his amenability to the rehabilitative process by completing probation in a satisfactory manner, the Legislature has rendered such individuals ineligible for diversion by virtue of section 1000(a)(4).

At the time defendant committed the underlying offense, his probation grants had been summarily revoked and he was subject to a no-bail warrant. In one case, he had failed to report for his jail sentence and he had not paid either of the court imposed fines.

Defendant's probation was not terminated upon "the fulfillment of all conditions of probation" (§ 1203.1), or because termination was warranted by his "good conduct and reform." (§ 1203.3.) In fact, the opposite is true.

Faced with defendant's alleged commission of the underlying offense and his continuing refusal to abide by the terms of probation, the municipal court reinstated probation, cancelled the remaining conditions, terminated probation and remanded defendant to custody.[6]

In our view, the termination of probation which occurred in the instant case does not constitute the completion of probation envisioned by the Legislature when it enacted section 1000(a)(4). The superior court's conclusion that section 1000(a)(4) requires a "successful" or "satisfactory" completion of probation is completely consistent with the Legislature's rehabilitative intent relative to the diversion statute. To hold otherwise would frustrate the intent of the Legislature and lead to absurd results and unwise policy.

By his conduct, defendant proved that he was unwilling to comply with the probationary process; from this the trial court could reasonably infer that he would likewise be unwilling to comply with the requirements of a diversion program. For the above-stated reasons, we find the bar of section 1000(a)(4) rendered defendant ineligible for diversion as he had not successfully completed probation. We do not here define the parameters of a successful or satisfactory termination. Our holding is simply that the termination which occurred in this case did not satisfy the prerequisites of the diversion statute.

Although we agree it would have been preferable for the superior court to consider the transcript of the municipal court proceedings, we find its refusal to do so had no effect upon the outcome of this matter. (Cf. *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

The judgment is affirmed.

Agliano, P. J., and Brauer, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 12, 1987. Mosk, J., and Panelli, J., were of the opinion that the petition should be granted.

---

[6] As neither party has disputed the municipal court's authority to proceed in this manner, we assume for purposes of this appeal, that the court's actions were proper. (See *In re Griffin* (1967) 67 Cal.2d 343 [62 Cal.Rptr. 1, 431 P.2d 625].)