*1173
 
 Opinion
 

 ELIA, J.
 

 In this case we must determine whether the five-year period in former Penal Code section 1000, subdivision (a)(5),
 
 [1]
 
 which indicates that a defendant is eligible for drug diversion only if he has not previously been diverted within five years of the new arrest, dates from the initial grant of diversion or from the completion of the diversion program. We conclude that a defendant must have completed the diversion program five years before the new arrest in order to be eligible for a second diversion.
 

 Facts and Procedural History
 

 On July 21, 1995, a complaint was filed charging defendant Robbie Owen Bums with being under the influence of cocaine in violation of Health and Safety Code section 11550, subdivision (a), a misdemeanor, on July 6, 1995. Defendant entered a plea of not guilty on July 27. On October 6, a diversion eligibility hearing was held as defendant contested the prosecutor’s determination that he was ineligible for diversion. The court denied the request for pretrial review of the prosecutor’s determination of ineligibility. At defendant’s request, the prosecutor stated on the record that the ineligibility determination was based on former section 1000, subdivision (a)(5), as defendant committed a violation of Health and Safety Code section 11550 on October 16, 1989, and completed his diversion program on May 20, 1991.
 

 On November 17, 1995, defendant submitted the misdemeanor charge to the court on the police reports and test results. The court found defendant guilty as charged. Defendant waived time for sentencing, and the court imposed a suspended sentence on various terms and conditions, and stayed the sentence pending appeal.
 

 Defendant appealed the matter to the superior court. He argued that the prosecution misapplied former section 1000, subdivision (a)(5) and erroneously determined that he was ineligible for diversion. The superior court affirmed the judgment of the municipal court on August 8, 1996. On August 20, the superior court certified the matter to this court on its own motion, due to a lack of appellate authority and a perceived lack of statutory clarity on the following issue: Does the five-year period referenced in former section 1000, subdivision (a)(5) commence upon referral to diversion or upon completion of diversion? On September 11, this court transferred the matter to it for decision. The matter was submitted in this court upon the briefs filed in the superior court and oral argument, together with amicus curiae briefs submitted by the Attorney General on behalf of the People and
 
 *1174
 
 the California Pubic Defenders Association and Alternate Defender Office on behalf of defendant.
 

 Discussion
 

 At the time of defendant’s offense, a defendant charged with a violation of Health and Safety Code section 11550 was eligible for diversion if it appeared to the district attorney that, inter alia, “[t]he defendant’s record does not indicate that he [or she]
 
 has been diverted
 
 pursuant to this chapter within five years prior to the alleged commission of the charged divertible offense.” (former § 1000, subd. (a)(5), italics added.)
 
 [2]
 
 Defendant argues that as he was diverted on October 16, 1989, five years and nine months prior to the alleged commission of the charge in the present case, he is not ineligible for diversion here. He argues that former section 1000, subdivision (a)(5), did not refer to defendants who completed a program of diversion within five years, but to defendants who were granted diversion by the court within that time. That is because, he argues, the Legislature’s intent was that “has been diverted” meant “has been ordered into a program of diversion.”
 

 The People acknowledge that former section 1000, subdivision (a)(5) did not state whether the five-year ineligibility period begins from the date of the initial diversion referral or from the completion of the diversion program. However, the People argue that it should be read to be the latter because if defendant’s interpretation were adopted a defendant would have significantly less incentive to complete the program than he would if his five-year period began from the date of completion. Under defendant’s interpretation, a defendant could drag out his diversion program for a long period of time with no serious consequences so he would have less incentive to finish the program in a timely manner.
 
 [3]
 
 This would contradict the primary purpose underlying the diversion statutes which is rehabilitation. (See
 
 People
 
 v.
 
 Martinsen
 
 (1987) 193 Cal.App.3d 843, 849 [238 Cal.Rptr. 530].)
 

 In
 
 Martinsen,
 
 this court stated that “the Legislature set forth certain eligibility requirements intended to render eligible those individuals who are most likely to benefit from the diversion program. Such a program entails the divertee’s cooperation in local education, treatment or rehabilitation
 
 *1175
 
 programs under the supervision of the probation department. [Citations.]” (193 Cal.App.3d at p. 849.) This court found that former section 1000, subdivision (a)(4), which required a defendant to have “completed” any previous grant of probation or parole, meant that a defendant must have successfully completed probation or parole. This is because “a person who has shown himself willing to abide by the terms of probation and complete the rehabilitation process, is more likely to benefit from diversion.” (193 Cal.App.3d at p. 849; see also
 
 People
 
 v.
 
 Bishop
 
 (1992) 11 Cal.App.4th 1125, 1130 [15 Cal.Rptr.2d 539].) Likewise, we find that former section 1000, subdivision (a)(5), requires the referenced five-year period to commence upon successful completion of the prior diversion program because a person who has shown himself willing to complete the rehabilitation process and remain free of new offenses for five years is more likely to benefit from a second diversion.
 

 In former section 1000.2, the Legislature used the word “diverted” to mean the entire time period of the diversion program.
 
 [4]
 
 It is presumed, in the absence of anything in the statute to the contrary, that a repeated phrase or word in a statutory scheme is used in the same sense throughout. (See
 
 People
 
 v.
 
 Hernandez
 
 (1981) 30 Cal.3d 462, 468 [179 Cal.Rptr. 239, 637 P.2d 706].) And, “when a word used in a statute has a well-established
 
 legal
 
 meaning, it will be given that meaning in construing the statute.”
 
 (Arnett
 
 v.
 
 Dal Cielo
 
 (1996) 14 Cal.4th 4, 19 [56 Cal.Rptr.2d 706, 56 Cal.Rptr.2d 706, 923 P.2d 1].) Thus, it would be inappropriate for this court to rely on the dictionary definition of “divert” (to turn aside) to find that “has been diverted” in former section 1000, subdivision (a)(5) means “has been referred to a diversion program” as defendant argues here. That the Legislature did not use the phrase “has completed diversion” rather than “has been diverted” is of no moment when the purpose of the entire statutory scheme makes it clear what the Legislature intended by the use of the latter phrase: “has been diverted” was intended to mean “has been in a diversion program.”
 

 Defendant argues that the People’s interpretation of the statute does not provide an equitable application. As a county may have had a diversion program lasting anywhere from six months to two years, it is more reasonable to have the five-year ineligibility period in former section 1000, subdivision (a)(5), begin from the date the court orders diversion than it is to have the length of the ineligibility period be determined by the length of the diversion program. However, our reading of the statute is that it simply indicates that a defendant is ineligible for diversion if he has been in a diversion program within the previous five years, rather than that it indicates
 
 *1176
 
 that five years is the entire length of the ineligibility period. We think our reading of the statute is both reasonable and equitable.
 

 We note that the Legislature has completely revised the applicable statutory scheme effective January 1, 1997. Current section 1000, subdivision (a)(5), makes it clear that a defendant must have successfully completed diversion more than five years prior to the alleged commission of a new offense. While this statutory amendment supports our interpretation of former section 1000, subdivision (a)(5), we did not rely on the amendment in reaching our conclusion here.
 

 Defendant committed his new offense within five years of the successful completion of his prior diversion program. Accordingly, the prosecutor correctly determined that he is ineligible for diversion for his new offense.
 

 Disposition
 

 The judgment is affirmed.
 

 Premo, Acting P. J., and Wunderlich, J„ concurred.
 

 [1]
 

 Further statutory references are to the Penal Code unless otherwise specified.
 

 [2]
 

 Effective January 1, 1997, the subdivision now states, “The defendant’s record does not indicate that he or she has successfully completed or been terminated from diversion or deferred entry of judgment pursuant to this chapter within five years prior to the alleged commission of the charged offense.” (Stats. 1996, ch. 1132, § 2.) The entire statutory scheme has been amended to indicate the special proceedings are for deferred entry of judgment rather than diversion.
 

 [3]
 

 “The period during which the further criminal proceedings against the defendant may be diverted shall be for no less than six months nor longer than two years.” (Former § 1000.2.)
 

 [4]
 

 See footnote 3,
 
 ante.