[No. F027418. Fifth Dist. Mar. 30, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
RENE BARRAJAS, Defendant and Appellant.

## COUNSEL

Jim T. Elia for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Shirley A. Nelson and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BUCKLEY, J.**—Rene Barrajas appeals following his conviction for attempted possession of a controlled substance. (Health & Saf. Code, § 11377,

subd. (a); Pen. Code, § 664.)[1] He challenges the district attorney's determination that he was statutorily ineligible for drug diversion. The People concede the issue. We will reverse.

## BACKGROUND

On March 8, 1996, Deputy Eligio Lara of the Tulare County Sheriff's Department was working undercover as part of a drug sting operation at the Fast and Friendly Market in New London when Barrajas and another man drove into the parking lot and asked him if he had any "crank." Lara responded that he did, and assured the two men it was "good stuff." In fact, it was crushed Cheerios and mothballs wrapped in a bindle to look like methamphetamine. After some further negotiations, Barrajas bought one of the bindles from Lara for $20. When the passenger opened the bindle and tasted its contents, he demanded the money back. Instead, he and Barrajas were arrested.

Barrajas was charged with attempted possession of methamphetamine, a felony. He pleaded not guilty and requested diversion, pursuant to section 1000 et seq. (See discussion, *post*.) The district attorney opposed the request on the ground that diversion is not available to one who *attempts* to commit a divertible offense. The court denied the diversion request, and Barrajas submitted his case on the preliminary hearing transcript. The court then found him guilty of attempted misdemeanor possession and sentenced him to 90 days in jail, but stayed execution of the sentence pending the resolution of this appeal.

## DISCUSSION

At all times pertinent to this case, former sections 1000 to 1000.5 allowed trial courts to "divert" from the normal criminal process first time drug offenders who were formally charged with certain specified offenses, who had not yet gone to trial, and who were found to be suitable for treatment or rehabilitation at the local level.[2] (*People* v. *Superior Court* (*On Tai Ho*) (1974) 11 Cal.3d 59, 61 [113 Cal.Rptr. 21, 520 P.2d 405].) Section 1000 set out the eligibility criteria for diversion and left it to the district attorney to

---

[1] Except as noted, all future statutory references are to the Penal Code.

[2] The statutes were amended effective January 1, 1997, to provide, instead of pretrial diversion, for the deferred entry of judgment upon a defendant's offer to plead guilty to one or more of the enumerated offenses. (Stats. 1996, ch. 1132, §§ 2, 3, 4, 5, 6.5, 7.)

determine whether the defendant met them.[3] (*People* v. *Martinsen* (1987) 193 Cal.App.3d 843, 847 [238 Cal.Rptr. 530].) If so, the court was required to hold a hearing to decide whether the defendant should be diverted from further prosecution. (§§ 1000.1, 1000.2.) If the defendant did not meet the eligibility criteria however, the district attorney was required to "file with the court a declaration in writing or state for the record the grounds upon which the determination [was] based, and [to] make this information available to the defendant and his . . . attorney." (§ 1000, subd. (b).)

▆ In this case, the district attorney concluded Barrajas failed to meet the third of the six eligibility criteria, which mandates that there be "no evidence of a violation relating to narcotics or restricted dangerous drugs *other than a violation of the sections listed in this subdivision.*" (§ 1000, subd. (a)(3), italics added.) Violation of Health and Safety Code section 11377 is a listed offense, but an attempt to violate the statute is not. Thus, we are asked to decide whether the Legislature intended to deny diversion to someone whose only distinction is that he tried but failed to commit an offense that would have qualified him for diversion had he been successful. The anomaly in this interpretation is apparent.

▆ The fundamental goal of statutory construction is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. (*People* v. *King* (1993) 5 Cal.4th 59, 69 [19 Cal.Rptr.2d 233, 851 P.2d 27].) Although we look first to the language of the statute, it should not be given its literal meaning if that would result in absurd consequences the Legislature did not intend. (*Ibid.*) " 'Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act.' [Citation.]" (*Ibid.*) A statute should be construed with a view toward promoting rather than defeating its general purpose and the policy behind it. (*City of Costa Mesa* v. *McKenzie* (1973) 30 Cal.App.3d 763, 770 [106 Cal.Rptr. 569].)

---

[3]Former section 1000 provided in part: "(a) This chapter shall apply whenever a case is before any court upon an accusatory pleading for a violation of Section . . . 11377 . . . of the Health and Safety Code, . . . and it appears to the district attorney that . . . all of the following apply to the defendant: [¶] (1) The defendant has no conviction for any offense involving controlled substances prior to the alleged commission of the charged offense. [¶] (2) The offense charged did not involve a crime of violence or threatened violence. [¶] (3) There is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision. [¶] (4) The defendant's record does not indicate that probation or parole has ever been revoked without thereafter being completed. [¶] (5) The defendant's record does not indicate that he or she has been diverted pursuant to this chapter within five years prior to the alleged commission of the charged divertible offense. [¶] (6) The defendant has no prior felony conviction within five years prior to the alleged commission of the charged offense."

■ As remedial legislation, the diversion statutes should be liberally construed to promote their general purpose. (*People* v. *Martinsen, supra*, 193 Cal.App.3d at p. 847.) That purpose is twofold. "First, diversion permits the courts to identify the experimental or tentative user before he becomes deeply involved with drugs, to show him the error of his ways by prompt exposure to educational and counseling programs in his own community, and to restore him to productive citizenship without the lasting stigma of a criminal conviction. Second, reliance on this quick and inexpensive method of disposition, when appropriate, reduces the clogging of the criminal justice system by drug abuse prosecutions and thus enables the courts to devote their limited time and resources to cases requiring full criminal processing." (*People* v. *Superior Court* (*On Tai Ho*), *supra*, 11 Cal.3d at pp. 61-62, fn. omitted.) There is no apparent reason consistent with this purpose to treat persons who attempted a divertible offense differently from those who completed it.

Two recent decisions by this court lend support to this conclusion. Both involve the provisions of Health and Safety Code section 11590 requiring persons convicted of certain enumerated drug offenses to register with local authorities. In *People* v. *Crowles* (1993) 20 Cal.App.4th 114 [24 Cal.Rptr.2d 377], we held that the statute also applies to persons convicted of attempting to commit one of these offenses. Were this not the case, we noted, "persons convicted of attempting a serious drug offense would not be required to register while those convicted of a completed, but less serious offense, must register." (*Id.* at p. 118.) Similarly, in *People* v. *Villela* (1994) 25 Cal.App.4th 54 [30 Cal.Rptr.2d 253], we concluded the registration statute applies to persons convicted of conspiring to commit one of the enumerated offenses. "It would be patently absurd to require a person who committed the general intent crime of transporting heroin to register as a narcotics offender while failing to require a person convicted of a crime requiring the formulation of specific intent to transport heroin to register." (*Id.* at p. 61.) By parity of reasoning, it makes little sense to suppose the Legislature intended to exclude from diversion those persons whose efforts to acquire drugs were sincere but unavailing. The People do not disagree. (See *People* v. *King, supra*, 5 Cal.4th at p. 69 [Legislature did not intend to punish youthful attempted murderers more severely than successful ones].)

We hold that a person who attempts to commit a divertible offense is eligible for diversion on the same basis as one who commits the completed offense.

## DISPOSITION

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.

Vartabedian, Acting P. J., and Wiseman, J., concurred.