Filed 12/14/20  P. v. Prado CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDRES PRADO,<br><br>    Defendant and Appellant. | 2d Crim. No. B304660<br>(Super. Ct. No. BA379833)<br>(Los Angeles County) |

Penal Code[1] section 1170.95 allows a person convicted of felony murder or murder under a natural or probable consequences theory to petition to have his or her conviction vacated.  Here we hold that section 1170.95 does not apply to a person convicted of attempted murder or manslaughter.  Because the appellant was convicted of attempted murder and manslaughter, we affirm the trial court's denial of the petition.

---

[1]All statutory references are to the Penal Code.

FACTS

In July 2014, Andres Prado pled no contest to attempted murder (§§ 187, subd. (a), 664, subd. (a)) and voluntary manslaughter (§ 192, subd. (a)). He admitted a gang enhancement as to both counts (§ 186.22, subd. (b)(1)(C)) and a personal use of a firearm enhancement as to the manslaughter count (§ 12022.5, subd. (a)). The trial court sentenced him to an aggregate term of 36 years 11 months.

In January 2019, Prado petitioned for resentencing pursuant to section 1170.95. In his petition he falsely stated under penalty of perjury that he had been convicted of first or second degree murder. The trial court summarily denied the petition because he was not convicted of murder.

DISCUSSION

I

*Legislative Intent*

Section 1170.95 subdivision (a) provides:

"(a) A person convicted of felony *murder* or *murder* under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

2

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (Italics added.)

In interpreting a statute, we look first to the words the Legislature used; if the language is not ambiguous, the plain meaning of the language governs. (*People v. Colbert* (2019) 6 Cal.5th 596, 603.) Here the language is not ambiguous. The statute applies only to those convicted of murder. Section 1170.95 does not apply to Prado because he was not convicted of murder. Neither attempted murder nor manslaughter constitutes a murder.

Prado argues the Legislature recently amended the definition of murder. Subdivision (a)(3) was added to section 188. (Stats. 2018, ch. 1015, § 2.) The subdivision provides, "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Prado claims that by changing the definition of murder, the Legislature also changed the definition of attempted murder. (*People v. Larios* (2019) 42 Cal.App.5th 956, 967-968, review granted Feb. 26, 2020, No. S259983 [changes in section 188 necessarily apply to attempted murder], disapproving *People v. Lopez* (2019) 38 Cal.App.5th 1087, review granted Nov. 13, 2019, No. S258175.)

Even if Prado's convictions were not final, he would not be entitled to relief under section 1170.95. Thus, in *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1018, review granted March 11, 2020, No. S259948, the court held that a defendant whose attempted murder conviction was not final could raise the changes in section 188 on direct appeal, but could not obtain

relief under section 1170.95 because he had not been convicted of murder.

Prado argues that we should not give the absence of attempted murder in section 1170.95 undue significance. He points out that attempted murder is a lesser included offense of murder. (Citing *People v. Davidson* (2008) 159 Cal.App.4th 205, 210.) He cites *People v. Barrajas* (1998) 62 Cal.App.4th 926, 930, for the proposition that remedial legislation normally applies to lesser included offenses. *Barrajas* involved former sections 1000 to 1000.5 that allowed pre-trial diversion for defendants charged with specified offenses. The defendant was charged with an attempt to commit a specified offense, possession of methamphetamine. The court concluded the defendant was eligible for diversion even though the statute did not mention attempt.

The diversion statutes considered in *Barrajas* expressly excluded crimes of violence or threatened violence. (*People v. Barrajas, supra,* 62 Cal.App.4th at p. 929, fn. 3.) It is one thing to liberally construe a statute involving nonviolent drug offenses; it is quite another to liberally construe a statute involving murder. We presume that when the Legislature enacts a statute that allows the vacation of a murder conviction, it speaks with precision. It does not intend to allow the vacation of convictions for crimes not mentioned in the statute.

Prado's reliance on *People v. King* (1993) 5 Cal.4th 59 is also misplaced. In *King*, the statute allowed defendants who were between 16 and 18 years old when they committed murder and were tried as adults to be committed to the California Youth Authority (CYA). The question was whether the statute also applied to those convicted of attempted murder. Our Supreme

4

Court's analysis involved one of its prior decisions, a change in the sentence for premeditated attempted murder from a determinate to an indeterminate term and a statute that partially abrogated the court's prior decision. Our Supreme Court concluded that "the only rational interpretation of the legislative intent" is that persons between 16 and 18 years old who merely attempt murder are eligible for CYA commitment. (*Id.* at p. 69.)

The application of section 1170.95 requires no such complex analysis. The statute is clear on its face. Application of the statute to attempted murder is not "the only rational interpretation of the legislative intent."

The Legislature is well aware that there are homicide crimes other than murder, such as attempted murder and manslaughter. Had the Legislature intended section 1170.95 to apply to those crimes, it would have stated so in the statute. It did not. The question whether section 1170.95 applies to attempted murder is currently before our Supreme Court. But we agree with other Courts of Appeal that the section does not apply to attempted murder. (See, e.g., *People v. Larios*, *supra*, 42 Cal.App.5th at p. 969; *People v. Medrano*, *supra*, 42 Cal.App.5th at p. 1018.) Neither does the section apply to manslaughter. (*People v. Cervantes* (2020) 44 Cal.App.5th 884, 887.)

Prado argues the failure to apply section 1170.95 to attempted murder and manslaughter would lead to absurd results. But the literal meaning of the words of a statute may be disregarded to avoid absurd results only in extreme cases. (*People v Alaybue* (2020) 51 Cal.App.5th 207, 224.) To justify departing from the literal meaning of the words of a statute, the results produced must be so unreasonable the Legislature could

5

not have intended them.  (*Ibid.*)  That is not the case here.  The Legislature could have reasonably concluded that the need to address sentencing reform was more appropriately directed at murder than attempted murder or manslaughter.  The punishment for attempted murder and manslaughter is far less than that for murder.  (*Ibid.*)  That in a particular case the statute may produce anomalous results does not justify departing from the legislative intent reflected in the plain words of the statute.

## II

### *Equal Protection and Due Process*

Prado contends that if section 1170.95 does not apply to attempted murder and manslaughter, it violates equal protection and due process.

The equal protection clause (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7, subd. (a)) requires those who are similarly situated with respect to a law's legitimate purposes be treated equally.  (*People v. Brown* (2012) 54 Cal.4th 314, 328.)  Thus, the first step in an equal protection analysis is to determine whether the defendant is similarly situated with those who are entitled to the statutory benefit.  (*People v. Cervantes*, *supra*, 44 Cal.App.5th at p. 888.)

Here persons convicted of attempted murder and manslaughter are not similarly situated with those convicted of murder.  They are different crimes with different attendant punishments.  When the Legislature reforms one area of the law, it is not required to reform other areas of the law.  (*People v. Cervantes*, *supra*, 44 Cal.App.5th at p. 888.)  The Legislature's decision to reform a particular aspect of the law of murder does not require it to make wholesale changes in the law of homicide.

6

The decision not to include attempted murder and manslaughter in section 1170.95 falls within the Legislature's "line-drawing" authority as a rational choice that is not constitutionally prohibited.  (*Cervantes*, at p. 888.)

We also reject Prado's claim that he was denied substantive due process.  (U.S. Const., 14th Amend.; Cal. Const., art. I, §§ 7, 15.)  Substantive due process requires a rational relationship between the objectives of a legislative enactment and the methods chosen to achieve those objectives.  (*People v. Cervantes*, *supra*, 44 Cal.App.5th at p. 889.)  Here the objective of section 1170.95 is to eliminate murder convictions obtained under felony murder and the natural and probable consequences theory.  Section 1170.95 achieves that objective.

The judgment (denial of a petition pursuant to section 1170.95) is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

TANGEMAN, J.

7

William C. Ryan, Judge

Superior Court County of Los Angeles

_____

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.