Filed 5/10/21  P. v. Gonzalez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DANIEL GONZALEZ,<br><br>Defendant and Appellant. | F079827<br><br>(Super. Ct. No. MCR044963A)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Nicholas Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christina Hitomi Simpson and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P.J., Detjen, J. and Peña, J.

Appellant Daniel Gonzalez appeals after his petition for resentencing under Penal Code section 1170.95 was denied.[1]  Appellant argues the statute is ambiguous and should be construed to permit his resentencing.  Additionally, he raises equal protection concerns should he not be eligible and argues the statute must be extended to include lesser included offenses.  Appellant also argues the statute is constitutional.  For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2012, appellant was charged with one count of murder, one count of attempted murder, and one count of assault with a firearm, along with various enhancements, including a gang enhancement.  In 2013, appellant pleaded guilty to voluntary manslaughter, attempted manslaughter, assault with a firearm, and the gang enhancement.

In 2019, appellant filed a petition for resentencing pursuant to section 1170.95.  The trial court denied appellant's petition on multiple grounds, including that the statute was unconstitutional, that appellant was not convicted of murder, and that appellant could still have been convicted of murder under the amended statutory scheme.  This timely appeal followed.

## DISCUSSION

### Standard of Review and Applicable Law

We review issues of statutory construction de novo.  (*People v. Gonzales* (2018) 6 Cal.5th 44, 49.)  Our goal is to determine the legislative intent of the statute.  "Because the statutory language is generally the most reliable indicator of that intent, we look first at the words themselves, giving them their usual and ordinary meaning."  (*Alford v. Superior Court* (2003) 29 Cal.4th 1033, 1040.)  When the statutory language is unambiguous, its plain meaning controls.  Where the language supports more than one reasonable construction, we may look to extrinsic aids, including the legislative history

---

[1]     All further code references are to the Penal Code.

2.

for additional guidance. (*People v. Ruiz* (2018) 4 Cal.5th 1100, 1105–1106.) Finally, in exceedingly rare situations, the literal meaning of the statutory language may be disregarded to avoid absurd results. (*People v. Bell* (2015) 241 Cal.App.4th 315, 351.)

Relevant to this case, section 1170.95, subdivision (a) provides:

"(a) A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

### *Section 1170.95 Does Not Apply to Manslaughter Convictions*

Appellant raises several arguments for why one who was charged with murder, but was convicted of manslaughter, should remain eligible for resentencing under section 1170.95. Principally, appellant claims that the specific language of section 1170.95, subdivision (a), requiring one be convicted of felony murder or murder under a natural and probable consequences theory, conflicts with the broader language of section 1170.95, subdivision (a)(2), which requires one be sentenced for first or second degree murder or have accepted a plea offer in lieu of a trial at which the defendant could not be charged with murder under the new law, is ambiguous and results in absurdity if

3.

appellant is not eligible for resentencing. Appellant also contends that he is eligible for relief because the statute should be construed to include lesser included offenses. And appellant asserts he is entitled to the benefit of the law under the equal protection clause. Relying on his position that the statute should be construed to render him eligible for relief, appellant claims to have made the necessary prima facie case under the statute to warrant consideration. We do not agree and, finding appellant statutorily ineligible for relief, do not need to reach appellant's argument the statute is constitutional.[2]

Section 1170.95 has been construed by several courts, including this one. (See *People v. Harris* (2021) 60 Cal.App.5th 557; *People v. Flores* (2020) 44 Cal.App.5th 985 (*Flores*); *People v. Turner* (2020) 45 Cal.App.5th 428; *People v. Paige* (2020) 51 Cal.App.5th 194; *People v. Sanchez* (2020) 48 Cal.App.5th 914 (*Sanchez*); *People v. Larios* (2019) 42 Cal.App.5th 956 (*Larios*).) These cases have considered and rejected arguments identical or substantially similar to those raised by appellant here.

For example, in *Larios*, this court considered whether section 1170.95 could apply to someone convicted of attempted murder. Concluding it could not, the court wrote:

"We agree with the reasoning of [*People v. Lopez* (2019) 38 Cal.App.5th 1087] and [*People v. Munoz* (2019) 39 Cal.App.5th 738] that the relief provided in section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder. The language and the legislative history of section 1170.95 support this conclusion. And there is a rational basis for the Legislature's decision to grant relief pursuant to section 1170.95 only to murder convictions and exclude attempted murder convictions based on judicial economy and the financial costs associated with reopening both final murder and final attempted murder convictions. In light of this unambiguous language, Larios is categorically excluded from

_____

[2] The court previously deferred until consideration of the merits appellant's request for judicial notice regarding documents supporting his claim the statute is constitutional. As we need not reach that issue, we deny appellant's motion as moot.

seeking relief through the section 1170.95 petitioning procedure for his attempted murder convictions, which have long been final." (*Larios*, *supra*, 42 Cal.App.5th at p. 970.)

Similarly, in *Flores*, the court sought to "determine whether section 1170.95 permits persons who were convicted of voluntary manslaughter to have their convictions vacated and to be resentenced." (*Flores*, *supra*, 44 Cal.App.5th at p. 992.) There, a similar argument based on section 1170.95, subdivision (a)(2), was raised and rejected, with the court explaining the argument "places outsized importance on a single clause to the exclusion of the provision's other language," which expressly limits eligibility to those convicted of murder. (*Flores* at pp. 995–996.) We agree with these prior discussions. In our independent review we have found no case reaching the opposite conclusion, that one not convicted of murder is eligible for resentencing under the statutory language.

We also reject appellant's claim that the rule of lenity requires we construe the statute as he requests. The rule of lenity "applies ' "only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule." ' [Citation.] In other words, 'the rule of lenity is a tie-breaking principle, of relevance when " 'two reasonable interpretations of the same provision stand in relative equipoise.…' " ' " (*People v. Manzo* (2012) 53 Cal.4th 880, 889.) Here, we find no ambiguity, let alone a situation where we can only guess as to the Legislature's intent. The rule of lenity thus provides appellant no support in this case.

Next, we consider appellant's claim that cases such as *People v. King* (1993) 5 Cal.4th 59 (*King*), *People v. Barrajas* (1998) 62 Cal.App.4th 926 (*Barrajas*), and *Hooper v. Deukmejian* (1981) 122 Cal.App.3d 987 (*Deukmejian*), demonstrate that statutes such as that at issue here should be construed to include lesser included offenses. We do not agree.

5.

We note at the outset that the premise of this claim is that a plea to voluntary manslaughter constitutes acceptance of a lesser included offense of felony murder. But this is simply not correct; manslaughter is not a lesser included offense of felony murder. (*People v. Price* (2017) 8 Cal.App.5th 409, 429–430 ["Felony murder differs from both malice murder and voluntary manslaughter in significant ways. It entails commission of an inherently dangerous felony, requires no proof of intent or conscious disregard of life, and renders irrelevant defenses that mitigate malice such as provocation or self-defense. [Citations.] Voluntary manslaughter thus is not a lesser included offense of felony murder."].) As such, even if appellant's position were accepted, there would be no basis to include within the statute those that pleaded guilty to voluntary manslaughter to avoid a felony murder conviction.

Even if there were a way to correlate voluntary manslaughter to the crime of felony murder, the cases cited by appellant would not require extension of the statute to include offenses other than murder. In *Deukmejian*, extension of the statute to unnamed offenses was appropriate based on the use of broad language, such as "any violation," and broad legislative intent that are not present in the current statute. (*Deukmejian*, *supra*, 122 Cal.App.3d at pp. 1003–1005.) In *King*, the Court found "the only rational interpretation" of the legislative history was that the statute should include lesser offenses. (*King*, *supra*, 5 Cal.4th at p. 69.) Similarly, in *Barrajas* this court found the legislative intent behind the statute required a broad construction to avoid absurdity. (*Barrajas*, *supra*, 62 Cal.App.4th at p. 930.) Here, we have determined both that the plain language excludes extensions of the statutory scheme, that the legislative history was not seeking a broad statute, but rather a limited reassessment of felony murder convictions only, and that there is no absurdity arising from this construction. We thus find the cases cited by appellant distinguishable.

Finally, in *Sanchez*, another case involving one convicted of voluntary manslaughter, the court rejected an equal protection clause argument like that raised here.

(*Sanchez*, *supra*, 48 Cal.App.5th at pp. 920–921.) The court found both that those convicted of manslaughter were not similarly situated to those convicted of murder, but that even if they were, a rational basis existed for treating the two groups differently for purposes of resentencing. (*Ibid*.) We agree with the court's conclusion that "the Legislature could have reasonably concluded 'that the punishment for voluntary manslaughter was appropriate, but the punishment for murder based on the [natural and probable consequences theory] could be excessive and reform was needed only there.' " (*Id*. at p. 921.)

Upon consideration of the arguments raised and the language of the statute, we see no reason to depart from our conclusion in *Larios* that the statutory language limits eligibility to those convicted of murder. And we see no reason to break from those courts, like *Sanchez*, that concluded such line drawing does not violate equal protection principles. Based on these conclusions, appellant cannot make a prima facie showing of eligibility, as he is statutorily ineligible for relief. We thus affirm the trial court's order denying appellant's petition.

## DISPOSITION

The order is affirmed. Appellant's request for judicial notice is denied as moot.