Opinion
FOGEL, P. J.
Statement of the Case
Appellant Christina Disibio was charged in municipal court complaint No. C8955109 with being under the influence of phencyclidine (Health & Saf. Code, § 11550). Although this is a divertible offense pursuant to Penal Code *Supp 4 section 1000, subdivision (a),[1] the district attorney determined that appellant was not eligible for diversion because of a prior revocation of probation. (§ 1000, subd. (a)(4).)
The trial court denied appellant’s motion to compel diversion, holding that pretrial review of determinations of ineligibility for diversion is not permitted. Appellant pled guilty, and this appeal ensued.
The court docket in municipal court case No. C8712072 reflects that after appellant pled guilty to charges in that case, imposition of sentence was suspended and appellant was given a conditional sentence (often referred to as court-supervised or informal probation) on January 10, 1987. This status was revoked on April 21, 1988, because of appellant’s failure to pay a fine that was part of the conditional sentence. Appellant now contends that revocation of a conditional sentence is not the same as revocation of probation for purposes of section 1000, subdivision (a)(4). She also contends that the revocation should not disqualify her from diversion because she was indigent at the time of her failure to pay the fine.
Discussion
I

Interpretation of the diversion statute in light of alleged ambiguity was within the province of the trial court.

Appellant first argues that the trial court erred in not hearing her motion to compel diversion on the merits. The People respond that the district attorney’s determination of ineligibility for diversion is not subject to pretrial review.
Under section 1000, “the district attorney’s preliminary screening for eligibility pursuant to the statutory criteria is not a judicial function. [Citation.] No hearing is necessary unless the determination of eligibility requires resolution of factual issues.” (People v. Paz (1990) 217 Cal.App.3d 1209, 1217 [266 Cal.Rptr. 468].) Challenges to the district attorney’s determination must be taken up on appeal after conviction. (People v. McAlister (1990) 225 Cal.App.3d 941, 944 [275 Cal.Rptr. 229], citing Sledge v. Superior Court (1974) 11 Cal.3d 70 [113 Cal.Rptr. 28, 520 P.2d 412].)
However, the construction of ambiguous statutes is a task for the judiciary at the trial level. (People v. Paz, supra, Cal.App.3d at p. 217.) Because *Supp 5 section 1000 arguably is ambiguous with respect to the meaning of “probation,” the trial court erred in not attempting to resolve the ambiguity. However, as we shall now discuss, this error was harmless.
II
A conditional sentence is equivalent to “probation” for purposes of section 1000, subdivision (a)(4).
Terms in the Penal Code are to be construed according to their fair import with a view to effect the objects of the code and to promote justice. (§ 4.) “Words and phrases must be construed according to the context and the approved usage of the language. . . .” (§ 7, subd. 16.)
An elementary precept of statutory construction requires that statutes are to be read together and reconciled to avoid the nullification of one statute by another. (Kalina v. San Mateo Community College Dist. (1982) 132 Cal.App.3d 48, 53 [183 Cal.Rptr. 12].) A court should ascertain the Legislature’s intent to effectuate the purpose of the law. (People v. Overstreet (1986) 42 Cal.App.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288].) A court should consider the consequences of an interpretation and construe a statute with a view to promoting rather than defeating its general purpose and policy. (City of Costa Mesa v. McKenzie (1973) 30 Cal.App.3d 763, 770 [106 Cal.Rptr. 569].)
Section 1000, subdivision (a)(4) disqualifies, for purposes of diversion, persons whose parole or probation has been revoked without thereafter being completed, but does not define the term “probation.” However, section 1203 subdivision (a) states: “As used in this code, ‘probation’ shall mean the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of the probation officer. As used in this code, ‘conditional sentence’ shall mean the suspension of the imposition or execution of a sentence and the order of revocable release in the community subject to the conditions established by the court without the supervision of the probation officer. It is the intent of the Legislature that both conditional sentence and probation are authorized whenever probation is authorized in any code as a sentencing option for infractions or misdemeanors.'” (Italics added.)
If the term “probation” as used in section 1000, subdivision (a)(4) does not include a conditional sentence, then sections 1000, subdivision (a)(4) and 1203, subdivision (a) arguably are in conflict. In that event, the later enacted statute takes precedence over and governs the former. (See Gov. Code, § 9605; In re Thierry S. (1977) 19 Cal.3d 121, 745 [139 Cal.Rptr. 708, 566 P.2d 610].)
The histories of section 1000, subdivision (a)(4), section 1203, subdivision (a) and related statutes are instructive. The present version of section *Supp 6 1000, subdivision (a)(4) was enacted in 1975. The present version of section 1203, subdivision (a) was enacted in 1982. In 1975, section 1203, subdivision (a) read as follows: “As used in this code, ‘probation’ shall mean the suspension of the imposition or execution of a sentence and the order of conditional or revocable release in the community. Except as otherwise provided in this code, persons placed on probation by the court shall be under the supervision of the probation officer.” In 1975, section 1203b gave courts “power to grant probation” summarily in misdemeanor and infraction cases without referring such cases to the probation officer.” In 1981 and 1982, section 1203b was revised to refer to this procedure as the grant of a “conditional sentence.” Significantly, the legislative history of that change states: . . It is not the intent of the Legislature to diminish in any way current powers of or sentencing options available to the courts. Statute and case law relating to probation summarily granted by the court without referral to the probation officer shall be construed to apply in the same manner to conditional sentences.” (Stats. 1982, ch. 247, § 3, p. 796.) Thus, the Legislature clarified the term “probation” and relabeled what had been known as summary probation as a “conditional sentence.”
Nothing in history of section 1000, subdivision (a)(4) indicates that the Legislature intended to exclude conditional sentences from that section. Rehabilitation is the primary goal underlying the diversion statutes, and the Legislature set forth eligibility requirements intended to render eligible those persons who are most likely to benefit from the diversion program. (People v. Martinsen (1987) 193 Cal.App.3d 843, 849 [238 Cal.Rptr. 530].) A person who shows willingness to abide by the terms of probation and complete the rehabilitative process is likely to benefit from diversion. (Ibid.) A person who does not successfully complete probation or fails to profit by probation conditions is unlikely to succeed in a diversion program. Similarly, a person who does not conform to the requirements of a conditional sentence is unlikely successfully to complete diversion. There appears to be no rational basis for excluding revocation of a conditional sentence from the list of disqualifying factors in section 1000, subdivision (a). We hold that the term “probation” in section 1000, subdivision (a)(4) retains its former broad meaning encompassing both summary and formal probation and consequently includes a conditional sentence.[2]
*Supp 7 Appellant did not complete her conditional sentence and thus is an inappropriate candidate for diversion. Although the court erred in not construing section 1000, subdivision (a)(4), the error was harmless since appellant was not eligible for diversion.
Ill

No evidence of indigency was shown at the probation revocation hearing.

(4) There remains appellant’s contention that diversion should not have been denied because she was indigent at the time her conditional sentence was revoked. Appellant asserts that an inference of indigency can be drawn from the record since she is now on Social Security. She argues that a determination should have been made at the time of her revocation hearing whether she had the ability to pay the fine. (In re Antazo (1970) 3 Ca.3d 100, 116 [89 Cal.Rptr. 255, 473 P.2d 999].) However, this issue was not raised below. Normally, the failure to object or raise an issue in the trial court results in a waiver of the issue on appeal. (See § 1469.) Moreover, the argument is made in the wrong case: in essence it is an impermissible collateral attack on the revocation proceeding rather than the pretrial diversion proceeding which is the subject of this appeal.
Disposition
The judgment is affirmed.
Danner, J., and Hoffman, J., concurred.

All further statutory references are to the Penal Code unless otherwise noted.

It has been brought to our attention, although not by the parties, that in City of Victorville v. County of San Bernardino (1991) 233 Cal.App.3d 1312 [285 Cal.Rptr. 206], the Court of Appeal held that a conditional sentence is not equivalent to probation for the purpose of fíne revenue allocation under section 1203.1., A careful reading of that opinion, however, leads us to conclude that it is inapposite to this case. The rationale of the court’s decision is that section 1203.1 entitles counties to receive fine revenues in cases supervised by a probation officer but is not properly applied to cases in which no formal services are provided by *Supp 7 counties, i.e., conditional sentences. (233 Cal.App.3d at p. 1319.) The court specifically rejects the argument of the counties that failure to equate conditional sentences with probation for revenue collection purposes in any way affects the ability of courts to impose consequences upon persons who violate conditional sentences. (Id., at p. 1321.)