[No. H009381. Sixth Dist. Dec. 16, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS W. BISHOP, Defendant and Appellant.

**COUNSEL**

Kenneth H. Nordin, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Mark S. Howell and Christopher J. Wei, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BAMATTRE-MANOUKIAN, J.**—Today we decide the issue whether revocation of a conditional sentence disqualifies a defendant from diversion under Penal Code section 1000, subdivision (a)(4). That statute provides that a defendant is ineligible for diversion if his or her record indicates that "probation or parole has ever been revoked without thereafter being completed." We find that the term "probation" in section 1000, subdivision (a)(4) was intended to include both formal probation and summary probation. Summary probation is now known as "conditional sentence,"[1] but the new language effected no change in the application of section 1000, subdivision (a)(4). We hold therefore that a defendant is ineligible for diversion under section 1000, subdivision (a)(4), if he or she has suffered a revocation of a conditional sentence without thereafter successfully completing that sentence.

### BACKGROUND

Appellant Tomas W. Bishop was arrested on January 4, 1990, and charged with possession of cocaine (Health & Saf. Code, § 11350, subd. (a)) and being under the influence of cocaine (Health & Saf. Code, § 11550). At his arraignment in superior court on November 5, 1990, he pleaded not guilty and a trial date was set for December 19, 1990. On that date the district attorney declared him ineligible for a drug diversion program on the ground that he had previously suffered a revocation of probation. (Pen. Code, § 1000, subd. (a)(4), hereafter referred to as § 1000(a)(4).) Appellant withdrew his not guilty pleas and entered guilty pleas. Imposition of sentence was suspended and appellant was placed on probation for three years on condition that he serve ninety days in county jail.

On January 4, 1991, appellant filed his first appeal in this case. He challenged the denial of diversion on the ground that the People had failed to provide an evidentiary basis for the determination of ineligibility. He claimed in addition that section 1000(a)(4) did not apply to disqualify him for diversion because its reference to revocation of probation did not include

---

[1]This term was introduced in 1982 by amendment to Penal Code sections 1203, subdivision (a), and 1203b. (Stats. 1982, ch. 247, §§ 1, 2, pp. 792-796.)

summary probation. In an unpublished opinion filed September 23, 1991, we agreed with his first contention and held that the district attorney's declaration of ineligibility was defective without evidence to support it. (See, e.g. *Sledge* v. *Superior Court* (1974) 11 Cal.3d 70, 75-76 [113 Cal.Rptr. 28, 520 P.2d 412]; *People* v. *Hayes* (1985) 163 Cal.App.3d 371 [209 Cal.Rptr. 441].) We did not reach the second claim.

Upon remand to the trial court, the People submitted a declaration of ineligibility accompanied by a memorandum from the probation department and a printout of appellant's record. The probation department memorandum states that "The defendant's record indicates that probation or parole has been revoked. On October 17, 1989, probation was revoked and on December 21, 1989, was ordered to remain revoked." The attached record substantiates this finding. It shows that appellant was arrested on August 2, 1989, for violations of Vehicle Code sections 14601.1 (driving with a suspended license) and 16028 (failure to produce evidence of financial responsibility).[2] (Dock. No. SJMC C8934838.) He was arraigned on August 17, 1989, pleaded guilty and was granted summary probation. On October 17, 1989, appellant failed to appear for his jail sentence. Probation was revoked and a bench warrant issued. On December 21, 1989, appellant admitted his probation violation and the court modified his sentence and ordered probation to remain revoked.

After receiving this evidence, the trial court on remand ordered appellant's previous judgment of conviction reinstated. Sentence was stayed pending the outcome of this second appeal, filed January 14, 1992, and appellant was released on his own recognizance.

DISCUSSION

The diversion statutes (Pen. Code, §§ 1000 to 1000.4) allow the trial court to "divert" from the normal criminal process persons who are faced with first-time charges of specified drug-related offenses and who meet the six eligibility requirements described in paragraphs (1) through (6) of Penal Code section 1000, subdivision (a). (*People* v. *Paz* (1990) 217 Cal.App.3d 1209, 1213 [266 Cal.Rptr. 468].) The relevant factor in this case is section 1000(a)(4), under which a defendant is disqualified for diversion if his or her

---

[2]Vehicle Code section 16028 was repealed, operative January 1, 1991. (Stats. 1990, ch. 888, § 2.)

record indicates that "probation or parole has ever been revoked without thereafter being completed." [3]

Appellant does not dispute that he suffered a prior revocation of summary probation on October 17, 1989. Nothing in the record indicates that he successfully completed probation after it was revoked. On the contrary the record reflects that probation was ordered to "remain[] revoked" on December 21, 1989. Only two weeks later, on January 4, 1990, appellant was arrested on the present charges.

Appellant's argument is that summary probation is not the equivalent of probation for purposes of the diversion eligibility requirements. He contends that when the Legislature enacted the diversion statutes, it did not intend the word "probation" in section 1000(a)(4) to include "summary probation." This intent is made clear, he argues, by the fact that the Legislature later amended the Penal Code to provide that "probation" refers only to formal probation, supervised by the probation department, while what was formerly known as "summary probation" has been renamed "conditional sentence." (Stats. 1982, ch. 247, §§ 1 and 2, pp. 792-796, amending Pen. Code, §§ 1203, subd. (a) and 1203b.) We have reviewed the legislative history of the relevant statutes and we disagree with appellant's interpretation.

In 1972, when the diversion statutes were enacted, there was no specific definition of probation in the codes. The Penal Code provided for formal probation in appropriate felony cases (Pen. Code, § 1203) and it provided that in misdemeanor and infraction cases the court had the "power to grant probation" summarily, without referring the case to the probation department. (former Pen. Code, §§ 1203b; 1203, subd. (c).)

Appellant argues that since the Legislature was presumably aware of the difference between formal and summary probation, its reference to revocation of "probation" in section 1000(a)(4) must have meant only formal probation. Otherwise it would have specified both types of probation. We disagree. Whether probation was granted by the court summarily or upon referral to the probation department, it was nonetheless termed "probation." There is no reason to presume that by using the general term the Legislature intended to refer only to one form of probation and not the other. And we can find nothing in the legislative history of Penal Code section 1000 which

---

[3]As originally written in 1972, section 1000(a)(4) provided that in order to be eligible for diversion a defendant had to have "no record of probation or parole violations." A 1975 amendment liberalized this eligibility requirement, which now allows for prior violations so long as "defendant's record does not indicate that probation or parole has ever been revoked without thereafter being completed."

would support such an inference. ■ In the absence of a clear indication that a different usage was intended, we must give words their ordinary meaning and construe them in accordance with common understanding. (*Valley Circle Estates* v. *VTN Consolidated, Inc.* (1983) 33 Cal.3d 604, 608-609.) ■ We therefore conclude that the word "probation" as it was used by the Legislature in enacting the diversion statutes in 1972 encompassed both formal and summary probation.

■ We believe such an interpretation is true to the fundamental precept of statutory construction, namely to ascertain the intent of the Legislature so as to effectuate the purpose of the law. (*People* v. *Overstreet* (1986) 42 Cal.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288].) ■ The primary purpose of the diversion statutes is rehabilitation. (*People* v. *Superior Court (On Tai Ho)* (1974) 11 Cal.3d 59, 61 [113 Cal.Rptr. 21, 520 P.2d 405]; *People* v. *Martinsen* (1987) 193 Cal.App.3d 843, 849 [238 Cal.Rptr. 530].) The intent underlying the eligibility requirement contained in section 1000(a)(4) is to identify "those individuals who are most likely to benefit from the diversion program." (193 Cal.App.3d at p. 849.)

The probation statutes also have a rehabilitative purpose. (*People* v. *Angus* (1980) 114 Cal.App.3d 973, 985 [171 Cal.Rptr. 5].) Since both diversion and probation depend upon the defendant's cooperation in a program of rehabilitation, it follows that "[a] person who shows willingness to abide by the terms of probation and complete the rehabilitative process is likely to benefit from diversion." (*People* v. *Disibio* (1992) 7 Cal.App.4th Supp. 1, 6 [9 Cal.Rptr. 20]; *People* v. *Martinsen, supra*, 193 Cal.App.3d at p. 849.) "Conversely, an individual whose previous probationary grant 'has been revoked and not thereafter completed' has evidenced a refusal to abide by the terms and conditions of probation thereby indicating that he [or she] has little chance of succeeding in, or benefiting from, a diversion program." (*Id.* at p. 849.)

■ Given these general purposes, there appears to be no rational basis to distinguish between those who have failed successfully to complete formal probation and those who have failed to complete summary probation, or as it is now known, "conditional sentence." In either case, the individual has not "demonstrated his [or her] amenability to the rehabilitative process by completing probation in a satisfactory manner, [and] the Legislature has rendered such individuals ineligible for diversion by virtue of section 1000(a)(4)." (*People* v. *Martinsen, supra*, 193 Cal.App.3d at p. 849.)

Appellant seeks to distinguish formal probation from conditional sentence for purposes of diversion eligibility on the basis that formal probation

involves structured supervision to a greater degree than does a conditional sentence. Some individuals, it is argued, may not respond favorably to the less structured approach. Therefore, the failure to complete a conditional sentence successfully would not necessarily indicate how a defendant would perform in the more rigid atmosphere of a diversion program.

First, we note that the level of supervision in the case of formal probation can vary greatly, and may require as little formal structure as reporting in by postcard. Moreover, we believe appellant draws too fine a distinction, which would not serve the broad purposes of the diversion eligibility requirements and could lead to arbitrary and absurd results. (See, e.g., *People* v. *Clark* (1990) 50 Cal.3d 583, 605 [268 Cal.Rptr. 388, 789 P.2d 127].) Suppose, for example, that a defendant had suffered previous convictions for driving under the influence of alcohol, had received a conditional sentence which required his or her participation in a court-directed counseling program and had failed to complete the program, resulting in a revocation of his or her informal probation status. In our view this is precisely the individual who has not "demonstrated his [or her] amenability to the rehabilitative process" and would consequently be unlikely to succeed in a similar program upon a subsequent arrest for a drug-related offense. Yet under appellant's interpretation of the language, that defendant would be eligible for diversion whereas a defendant who had failed to complete comparable conditions in the course of formal probation would be ineligible. Such a result is not consistent with a commonsense interpretation of the statute. (*People* v. *Wilson* (1989) 208 Cal.App.3d 611, 615 [256 Cal.Rptr. 422].) We are confident of the Legislature's meaning when it used the word "probation" in section 1000(a)(4). We acknowledge, however, that an ambiguity has arisen by virtue of subsequent revisions to the Penal Code whereby the Legislature specifically defined probation and introduced the term "conditional sentence" to describe what was formerly known as "summary probation." We must therefore look at the legislative history of those statutory amendments to see what was intended by the new terminology.

In 1979 the Legislature added a new subdivision (a) to Penal Code section 1203, for the first time defining probation, as follows: "As used in this code, 'probation' shall mean the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community. Except as otherwise provided in this code, persons placed on probation by the court shall be under the supervision of the probation officer." (Stats. 1979, ch. 1174, § 2, p. 4583.) Section 1203b provided in 1979, as it had since 1941, that the court could "grant probation summarily" in appropriate misdemeanor cases. Those cases did not require formal supervision by the probation department.

In 1981, Penal Code section 1203b was amended to delete the language which had authorized the court to "grant probation summarily," and substitute language authorizing it to "suspend sentence and grant conditional and revocable release in the community. . . ." (Stats. 1981, ch. 1142, § 7, p. 4535, Assem. Bill No. 1161.) This change in language was a minor part of an omnibus bill sponsored by the state probation officers' association which effected a number of changes to expand the authority and status of probation departments.[4] The purpose of the new language in section 1203b was to eliminate the term "probation" in cases which did not involve direct supervision by a probation officer. A statement by the California Probation, Parole and Correctional Association, which accompanied Assembly Bill No. 1161, explained the concerns which had prompted the suggested change: "Whenever a person is put on probation (whether regular or court probation) everyone *assumes* he [or she] is being supervised by the probation department. When probationers under court supervision only commit new offenses the probation department gets the discredit for not properly supervising the case. This amendment would clarify that probationers are those under the supervision of the probation officer and that those released conditionally by the court are simply that."

What was intended simply to be a clarification of the supervisory responsibilities of the probation department, however, resulted in some confusion in practice since the new language in Penal Code section 1203b was almost identical to the language defining probation in section 1203, subdivision (a): both referred to a suspension of sentence and the "conditional and revocable release in the community." This ambiguity prompted the author of the 1981 legislation to sponsor another bill, Assembly Bill No. 3091, which took effect the following year.

Assembly Bill No. 3091 (Stats. 1982, ch. 247) amended both Penal Code sections 1203, subdivision (a), and 1203b to clarify that what was formerly referred to as "summary probation" or "court probation" was henceforth to be known as "conditional sentence" and that the probation department was not responsible for supervising defendants granted conditional sentences.[5]

Appellant argues that the 1982 amendments are a clear statement of legislative intent that wherever the word "probation" appears in the codes,

---

[4] In addition to amending Penal Code section 1203b and adding sections 1202.7 and 1202.8, Assembly Bill No. 1161 amended Code of Civil Procedure section 131.7, Government Code section 1029, Government Code section 20021.8, Government Code section 31469.4, Penal Code section 830.5, and Welfare and Institutions Code section 777.

[5] There have been no further amendments either to Penal Code section 1203, subdivision (a), or to section 1203b since 1982. Presently section 1203, subdivision (a) provides: "As used in this code, 'probation' shall mean the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of the probation officer. As used in this code, 'conditional sentence' shall mean

without specifically including "conditional sentence," it means only formal probation. Arguably this may be so as to statutes enacted after the amendments took effect. But statutes on the books before 1982 cannot be expected to reflect this semantic distinction. And there is no indication the Legislature intended to change the meaning of existing law.

The 1982 amendments of Penal Code sections 1203, subdivision (a), and 1203b were part of a series of statutory revisions with the general purpose of expanding and clarifying the authority of probation departments statewide. The stated intent behind adding the new term "conditional sentence" was "to clarify supervisory responsibilities" in misdemeanor cases. (Stats. 1982, ch. 247, § 3, p. 796.) Section 1000(a)(4) plays no part in the probation process. Its purpose is merely to identify individuals who are likely to cooperate in a diversion program. It is therefore doubtful that the amendments could have been intended to effect a change in the meaning of section 1000(a)(4).

The new language distinguishing between probation and conditional sentence did not alter the concept of summary probation, but simply relabeled it. Indeed the Legislature expressly stated that "[s]tatute and case law relating to probation summarily granted by the court without referral to the probation officer shall be construed to apply in the same manner to conditional sentences." (Stats. 1982, ch. 247, § 3, p. 796.)

All of these considerations lead us to the conclusion that the term probation in section 1000(a)(4), which originally included summary probation, continues to include both formal probation and conditional sentence. Such an interpretation does absolutely no harm to the purposes behind the amendments adding the new terminology and is consistent with the intent of the diversion eligibility requirements.

Appellant directs our attention to a portion of the statement of intent accompanying the 1982 legislation in which the Legislature declared the introduction of the term "conditional sentence" was not intended "to diminish in any way current powers of or sentencing options available to the

---

the suspension of the imposition or execution of a sentence and the order of revocable release in the community subject to the conditions established by the court without the supervision of the probation officer. It is the intent of the Legislature that both conditional sentence and probation are authorized whenever probation is authorized in any code as a sentencing option for infractions or misdemeanors."

Section 1203b provides: "All courts shall have power to suspend the imposition or execution of a sentence and grant a conditional sentence in misdemeanor and infraction cases without referring such cases to the probation officer. Unless otherwise ordered by the court, persons granted a conditional sentence in the community shall report only to the court and the probation officer shall not be responsible in any way for supervising or accounting for such persons."

courts." (Stats. 1982, ch. 247, § 3, p. 796.) He reasons that if the word "probation" in section 1000(a)(4) were to include both formal probation and conditional sentence, the court's sentencing powers would effectively be diminished, contrary to legislative intent. This is because if more defendants are disqualified from diversion fewer defendants would be subject to the court's power to exercise its sentencing options. We are unpersuaded by this reasoning. The Legislature's statement that it did not intend by the new terminology to diminish the current powers of the court plainly refers to the court's exercise of authority to grant probation or conditional sentence whenever authorized. There is nothing in the legislative history to support appellant's argument that it refers to a possible reduction in the number of defendants available for sentencing, and we reject that interpretation.

Next appellant points out that after the addition of the term "conditional sentence" to the Penal Code, the Legislature has amended existing statutes to reflect the new terminology, whereas it did not similarly amend section 1000(a)(4). Thus, it is argued, it must be presumed that the Legislature did not intend to include conditional sentence in section 1000(a)(4). Had the Legislature undertaken a considered revision of the codes to add the term "conditional sentence" wherever the word "probation" appears, its failure to do so with respect to section 1000(a)(4) would undoubtedly be meaningful. However no such pattern of revision is apparent from the Legislature's actions. Several statutes which deal directly with aspects of the probationary process have been amended to clarify the use of the term "probation,"[6] but others which appear equally to warrant such clarification have been left unrevised.[7] We have found only one other statute where the term "conditional sentence" has been added. (Veh. Code, § 23197.) We are unwilling to draw the conclusion that these scattered instances of statutory revision indicate any particular legislative intent with regard to statutes elsewhere in the codes which still employ the former terminology. We believe it is much more likely that the Legislature is proceeding to update the language on a statute by statute basis as the opportunity presents itself, and we will await an appropriate amendment with regard to section 1000(a)(4).

As a last point, appellant cites *City of Victorville* v. *County of San Bernardino* (1991) 233 Cal.App.3d 1312 [285 Cal.Rptr. 206] to demonstrate that another Court of Appeal has recently found that probation is not the equivalent of conditional sentence. *Victorville* concerned the subject of fine reve-

[6]Penal Code section 1203.1c, amended by Statutes 1985, chapter 1485, section 4, page 5467; Penal Code section 1203.04, subdivision (g), added with other changes by Statutes 1984, chapter 1340, section 4, page 4727; Penal Code section 1203.2, Statutes 1989, chapter 1319, section 1, page 4594; Penal Code section 1214, Statutes 1985, chapter 412, section 1, page 1661.
[7]See, e.g., Penal Code sections 1203.3, 1203.4, 1203.4a.

nue allocation in Penal Code section 1203.1 whereby counties are entitled to all fines collected by the probation officer as a condition of probation. *Victorville* was distinguished in the recent opinion of the appellate department of the superior court in *People* v. *Disibio, supra,* 7 Cal.App.4th Supp. 1.) "The rationale of the [*Victorville*] court's decision is that section 1203.1 entitles counties to receive fine revenues in cases supervised by a probation officer but is not properly applied to cases in which no formal services are provided by counties, i.e., conditional sentences." (*Id.* at pp. Supp. 6-7, fn. 2.) In *Victorville,* therefore, there was a sound basis to distinguish between probation and conditional sentence, whereas in our case there is not. Moreover, the statute in question in *Victorville,* Penal Code section 1203.1, was enacted in 1939, at which time there was no summary probation. Consequently it is reasonable to conclude that the Legislature intended the term probation in that statute to mean formal probation.

*People* v. *Disibio, supra,* 7 Cal.App.4th Supp. 1, is the only case which has addressed our issue. In *Disibio,* defendant was disqualified from diversion because she had suffered a prior revocation of a conditional sentence. In affirming her conviction, the appellate department panel noted that the new terminology in Penal Code sections 1203, subdivision (a), and 1203b has created some ambiguity as to the meaning of the word "probation" in section 1000(a)(4). Analyzing, as we have done, the purposes of the diversion statutes and applying the familiar rules of statutory construction, the *Disibio* panel found "no rational basis for excluding revocation of a conditional sentence from the list of disqualifying factors in section 1000, subdivision (a)." It therefore held that "the term 'probation' in section 1000, subdivision (a)(4) retains its former broad meaning encompassing both summary and formal probation and consequently includes a conditional sentence." (7 Cal.App.4th at p. Supp. 6.)

We believe *Disibio* reached the correct result and we affirm the trial court's judgment in this case.

## DISPOSITION

The judgment of conviction is affirmed.

Cottle, Acting P. J., and Elia, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 24, 1993. Panelli, J., was of the opinion that the petition should be granted.