**UNITED STATES of America, Plaintiff,**

v.

**Dennis COLLINS, Defendant.**

**No. CR–97–20049–JW.**

United States District Court,
N.D. California,
San Jose Division.

Oct. 22, 1998.

Amber Rosen, AUSA, U.S. Attorneys Office, San Jose, CA, for plaintiff.

Allen Ruby, Ruby & Schofield, San Jose, CA, for defendant.

## ORDER OVERRULING DEFENDANT'S OBJECTION TO PRESENTENCE REPORT

WARE, District Judge.

### INTRODUCTION

Defendant appeared for judgment and sentencing on October 7, 1998. Allen Ruby appeared on behalf of the Defendant. Assistant United States Attorney Amber Rosen appeared on behalf of the United States. The matter was continued to October 21, 1998 in light of Defendant's objection to the Probation Officer's Criminal History Computation. At issue is whether the "conditional sentence" imposed on Defendant for reckless driving in California state court is a "criminal justice sentence" under the Federal Sentencing Guidelines.

### BACKGROUND

Defendant entered a guilty plea to two counts of tax evasion. The Presentence Report reveals that Defendant had committed the offenses while under a "conditional sentence" that resulted from a conviction for "reckless driving with negligence and alcohol." The conditional sentence included specific conditions from the state court requiring Defendant to pay a fine, obey all laws, submit to and complete a chemical test if stopped for driving under the influence, not drive a motor vehicle unless properly licensed and insured, not drive a motor vehicle with any amount of alcohol in his blood system, and obey any restriction, suspension, or revocation placed on his license by the Department of Motor Vehicles.

The Probation Officer added one criminal history point for the prior reckless driving offense, and two points pursuant to § 4A1.1(d) for commission of the federal offense while under state probation, resulting in Defendant's classification in Criminal History Category II. Defendant contends that the "conditional sentence" imposed is not a "criminal justice sentence" under § 4A1.1(d), and therefore he should be classified in Criminal History Category I.

### DISCUSSION

Section 4A1.1(d) of the Sentencing Guidelines provides for the addition of two points to the criminal history score if: "[t]he defendant committed any part of the instant offense ... while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." A "criminal justice sentence" is defined as "a sentence countable under § 4A1.2 ... having a custodial or *supervisory component,* although active supervision is not required for this item to apply." (Emphasis added.) The Guidelines further state, "a term of unsupervised probation would be included; but a sentence to pay a fine, by itself, would not be included." Defendant contends that the "conditional sentence" imposed in state court does not have a supervisory component, and therefore is not a "criminal justice sentence" under the Guidelines. The statutory language defining "conditional sentence" and the caselaw interpreting it are contrary.

The term "conditional sentence" was first introduced by the California Legislation in the early 1980s. It is defined as "the suspension of the imposition or execution of a sentence and the order of revocable release in the community subject to conditions established by the court without the supervision of a probation officer." Cal.Penal Code § 1203(a). It stands in contrast to a "probation," which is defined as "the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of a

probation officer." Cal.Penal Code § 1203(a). Thus, "probation" clearly requires supervision by a probation officer, whereas a "conditional sentence" does not. However, it does not necessarily follow that a conditional sentence has no supervisory component, as Defendant contends.

Section 1203(a) includes a supervisory component by the court. The court's role is made explicit in California Penal Code § 1203b which states that "[u]nless otherwise ordered by the court, persons granted a conditional sentence in the community *shall report only to the court.*" (Emphasis added).

California courts interpreting the newly created "conditional sentence" make clear that it is the equivalent of what was formerly known as "summary probation." In *People v. Bishop*, 11 Cal.App.4th 1125, 15 Cal. Rptr.2d 539 (1992), the court stated "Assembly Bill 3091 (Stats.1982, ch. 247) amended both Penal Code sections 1203, subdivision (a), and 1203b to clarify that what was formerly referred to as 'summary probation' or 'court probation' was henceforth to be known as 'conditional sentence.'" Similarly, in *People v. Disibio*, 7 Cal.App.4th Supp. 1, 9 Cal. Rptr.2d 20 (1992), the court stated, "the Legislature clarified the term 'probation' and relabeled what had been known as summary probation as 'conditional sentence.'" This is significant because the Ninth Circuit has squarely held that a California sentence of "summary probation," also known as "unsupervised probation," is a "criminal justice sentence" under the Sentencing Guidelines. *United States v. Sanchez*, 914 F.2d 1355 (9th Cir.1990). The Ninth Circuit followed *United States v. McCrudden*, 894 F.2d 338 (9th Cir.1990), in which the court reasoned that supervised and unsupervised probation should be treated equally under the Sentencing Guidelines because in either instance, probation can be revoked and replaced by a sentence of greater punishment if further offenses are committed during the probation period. More simply, this result is dictated by the Sentencing Guidelines express directive that active supervision is not required for the two point enhancement of Section 4A1.1(d) to apply.

Defendant relies on *City of Victorville v. County of San Bernardino*, 233 Cal.App.3d 1312, 285 Cal.Rptr. 206 (1991) in which the court stated that a conditional sentence is not equivalent to "probation" because nothing in a conditional sentence order compels the probation department to supervise compliance with the order. However, *Victorville* is clearly distinguishable from the present case. In *Victorville*, the issue was whether the county had to share a criminal fine with the city which was collected as part of a conditional sentence. Under the law, fines were to be shared unless the fine was collected by a county probation officer, in which case the county could retain the entire fine. The court held that the fine collected from the conditional sentence should be shared because under a conditional sentence, the defendant was not subject to the supervision of the probation officer. Thus, *Victorville* is purely a case about city versus county revenue, which has no application to the present case. Other California courts have similarly limited the holding of *Victorville* to its unique facts. *See Bishop, supra;* and *Disibio, supra.*

## CONCLUSION

For all the reasons set forth above, the Court finds that the conditional sentence imposed on Defendant in state court has a supervisory component which satisfies the definition of a "criminal justice sentence," and therefore two points are added to Defendant's criminal history calculation under § 4A1.1(d) of the Sentencing Guidelines.