Filed 12/11/13

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re C.Z., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E057520 |
| Plaintiff and Respondent, | (Super.Ct.No. SWJ009440) |
| v. | **OPINION** |
| C.Z., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. F. Paul Dickerson III, Judge. Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Charles C. Ragland and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

1

In connection with a previous petition, minor C.Z. was placed on informal supervision (Welf. & Inst. Code, §§ 654, 654.2); later, however, his informal supervision was revoked.

In connection with the present petition, the juvenile court ruled that the minor was not eligible for deferred entry of judgment (Welf. & Inst. Code, § 790) because his informal supervision had previously been revoked. It relied on Welfare and Institutions Code section 790, subdivision (a)(4), which provides that a minor is eligible for deferred entry of judgment only if "[t]he minor's record does not indicate that probation has ever been revoked without being completed."

The minor appeals, contending that informal supervision is not probation. He argues (among other things) that if informal supervision *is* probation, then it violates due process, because it does not require either an adjudication or admission of guilt.

We will hold that, as a matter of statutory construction, the Legislature intended "probation," as used in Welfare and Institutions Code section 790, subdivision (a)(4), to include informal supervision. We will further hold that this construction does not render informal supervision unconstitutional. Accordingly, we will affirm.

I

PROCEDURAL BACKGROUND

In July 2009, an initial petition was filed alleging resisting an officer. (Pen. Code, § 148, subd. (a)(1).) In August 2009, the minor was placed on informal supervision pursuant to Welfare and Institutions Code sections 654 and 654.2. In December 2009,

the People filed a request to revoke informal supervision, based on the minor's failure to comply with the conditions.

Meanwhile, in January 2010, a second petition was filed alleging shoplifting. (Pen. Code, § 490.5, subd. (a).) In March 2010, the juvenile court revoked the minor's informal supervision; it then dismissed the first petition. The minor admitted the allegations of the second petition. The juvenile court made a wardship adjudication and placed the minor on formal probation for six months under Welfare and Institutions Code section 725, subdivision (a).

In June, 2012, a third petition was filed alleging resisting an executive officer. (Pen. Code, § 69.) At the initial hearing, the juvenile court indicated that it was considering deferred entry of judgment.

At the next hearing, the People objected that the juvenile court could not grant deferred entry of judgment. The juvenile court requested briefing by both sides.

In their briefing, the People argued that, because the minor's informal supervision had previously been revoked, he did not qualify for deferred entry of judgment under Welfare and Institutions Code section 790, subdivision (a)(4), which requires that "[t]he minor's record does not indicate that probation has ever been revoked without being completed."

The minor argued that informal supervision is not "probation" within the meaning of Welfare and Institutions Code section 790, subdivision (a)(4).

3

After hearing argument, the juvenile court ruled that the minor was not eligible for deferred entry of judgment. It explained: "[A] 654 revocation is synonymous with having probation revoked. . . . [A]lthough Section 654 defines control of the minor as a program of supervision, it is nonetheless dictated by probation. . . . [W]hen you look at the total language of the section, what is happening, by operation of law, for lack of a better term, is informal probation. Indeed, how else can the Court define a program that is set up by, controlled by, and operated by the probation department itself?"

The minor then admitted the allegations of the petition. The juvenile court made a wardship adjudication and placed the minor on formal probation for three years.

II

INFORMAL SUPERVISION AS "PROBATION"

The minor contends that the trial court erred by ruling that informal supervision is "probation" for purposes of eligibility for deferred entry of judgment.

A.    *Statutory Background*.

As background, it is necessary to understand three of the juvenile court's rehabilitative options: (1) informal supervision, (2) deferred entry of judgment, and (3) formal probation.

Once a juvenile delinquency petition has been filed, the juvenile court has the option of placing the minor on "a program of supervision as set forth in Section 654"[1] for six to twelve months. (Welf. & Inst. Code, § 654.2, subd. (a).)[2] This requires the consent of both the minor and the minor's parent or guardian. (*Ibid*.) The program of supervision may include substance abuse treatment, counseling, education, and community service. (Welf. & Inst. Code, §§ 654, 654.4, 654.6; *Derick B. v. Superior*

---

[1]    Welfare and Institutions Code section 654, as relevant here, provides: "In any case in which a probation officer, after investigation of an application for a petition or any other investigation he or she is authorized to make concludes that a minor is within the jurisdiction of the juvenile court or will probably soon be within that jurisdiction, the probation officer may, in lieu of filing a petition to declare a minor a dependent child of the court or a minor or a ward of the court under Section 601 or requesting that a petition be filed by the prosecuting attorney to declare a minor a ward of the court under subdivision (e) of Section 601.3 or Section 602 and with consent of the minor and the minor's parent or guardian, delineate specific programs of supervision for the minor, for not to exceed six months, and attempt thereby to adjust the situation which brings the minor within the jurisdiction of the court or creates the probability that the minor will soon be within that jurisdiction."

[2]    Welfare and Institutions Code section 654.2, subdivision (a) provides: "If a petition has been filed by the prosecuting attorney to declare a minor a ward of the court under Section 602, the court may, without adjudging the minor a ward of the court and with the consent of the minor and the minor's parents or guardian, continue any hearing on a petition for six months and order the minor to participate in a program of supervision as set forth in Section 654. If the probation officer recommends additional time to enable the minor to complete the program, the court at its discretion may order an extension. Fifteen days prior to the final conclusion of the program of supervision undertaken pursuant to this section, the probation officer shall submit to the court a followup report of the minor's participation in the program. The minor and the minor's parents or guardian shall be ordered to appear at the conclusion of the six-month period and at the conclusion of each additional three-month period. If the minor successfully completes the program of supervision, the court shall order the petition be dismissed. If the minor has not successfully completed the program of supervision, proceedings on the petition shall proceed no later than 12 months from the date the petition was filed."

*Court* (2009) 180 Cal.App.4th 295, 302.)  If the minor does not perform successfully,

"proceedings on the petition shall proceed . . . ."  (Welf. & Inst. Code, § 654.2, subd. (a).)

If the minor successfully completes the program of supervision, the petition is dismissed.

(*Ibid*.)  This procedure is commonly called either "informal probation" or "informal

supervision."  (Cal. Criminal Law: Procedure and Practice (Cont.Ed.Bar 2d ed. 2013)

§ 56.15, p. 1919.)

Deferred entry of judgment is an "alternative" to informal supervision.  (Cal.

Criminal Law: Procedure and Practice, *supra*, § 56.17, p. 1921.)  The deferred entry of

judgment procedure is laid out in Welfare and Institutions Code section 790[3] et seq.  To

---

[3]  Welfare and Institutions Code section 790, as relevant here, provides:

"(a)  Notwithstanding Section 654 or 654.2, or any other provision of law, this article shall apply whenever a case is before the juvenile court for a determination of whether a minor is a person described in Section 602 because of the commission of a felony offense, if all of the following circumstances apply:

"(1)  The minor has not previously been declared to be a ward of the court for the commission of a felony offense.

"(2)  The offense charged is not one of the offenses enumerated in subdivision (b) of Section 707.

"(3)  The minor has not previously been committed to the custody of the Youth Authority.

"(4)  The minor's record does not indicate that probation has ever been revoked without being completed.

"(5)  The minor is at least 14 years of age at the time of the hearing.

"(6)  The minor is eligible for probation pursuant to Section 1203.06 of the Penal Code.

"(b)  . . . If the minor is found eligible for deferred entry of judgment, the prosecuting attorney shall file a declaration in writing with the court or state for the record the grounds upon which the determination is based, and shall make this information available to the minor and his or her attorney.  Upon a finding that the minor

*[footnote continued on next page]*

be eligible for deferred entry of judgment, the minor must be alleged to have committed a felony. (Welf. & Inst. Code, § 790, subd. (a).) The minor also must meet certain additional requirements (*ibid*.); one is that "[t]he minor's record does not indicate that probation has ever been revoked without being completed." (Welf. & Inst. Code, § 790, subd. (a)(4).) The minor must "admit[] the charges in the petition . . . ." (Welf. & Inst. Code, § 791, subd. (b); see also *id*., subd. (a)(3).) However, the juvenile court does not make a jurisdictional finding. (See Welf. & Inst. Code, § 791, subd. (c).)

The juvenile court may "impose any . . . term of probation . . . that the judge believes would assist in the education, treatment, and rehabilitation of the minor and the prevention of criminal activity." (Welf. & Inst. Code, § 794.) The deferral period lasts for 12 to 36 months. (Welf. & Inst. Code, § 791, subd. (a)(3).) If the minor does not perform successfully during the deferral period, the court may make a jurisdictional finding and schedule a dispositional hearing. (Welf. & Inst. Code, § 793, subd. (a).) If the minor does successfully complete the deferral period, "the charge or charges in the wardship petition shall be dismissed and the arrest upon which the judgment was deferred shall be deemed never to have occurred and any records in the possession of the juvenile court shall be sealed . . . ." (Welf. & Inst. Code, § 793, subd. (c).)

---

*[footnote continued from previous page]*
is also suitable for deferred entry of judgment and would benefit from education, treatment, and rehabilitation efforts, the court may grant deferred entry of judgment. . . . The court shall make findings on the record that a minor is appropriate for deferred entry of judgment pursuant to this article in any case where deferred entry of judgment is granted."

Finally, after the juvenile court makes a jurisdictional finding, one of its dispositional options is to place the minor on formal probation, either with wardship (Welf. & Inst. Code, § 727, subd. (a)(2)) or without wardship (Welf. & Inst. Code, § 725, subd. (a)).**4** Probation without wardship means that, without making a wardship adjudication, the juvenile court "place[s] the minor on probation, under the supervision of the probation officer, for a period not to exceed six months." (Welf. & Inst. Code, § 725, subd. (a).) If the minor fails to comply with the probation conditions, the court may make a wardship adjudication. (Welf. & Inst. Code, § 725, subd. (a).)

B.      *Statutory Construction.*

The issue before us is fundamentally one of statutory construction: Does the word "probation," as used in Welfare and Institutions Code section 790, subdivision (a)(4), include informal supervision under Welfare and Institutions Code section 654.2?

"When construing any statute, 'our goal is "'to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law.'"' [Citation.] 'When the language of a statute is clear, we need go no further.' [Citation.] But where a statute's terms are unclear or ambiguous, we may 'look to a

_____

**4**      Welfare and Institutions Code section 725, subdivision (a), as relevant here, provides: "If the court has found that the minor is a person described by Section 601 or 602, by reason of the commission of an offense other than any of the offenses set forth in Section 654.3, it may, without adjudging the minor a ward of the court, place the minor on probation, under the supervision of the probation officer, for a period not to exceed six months. . . . If the minor fails to comply with the conditions of probation imposed, the court may order and adjudge the minor to be a ward of the court."

8

variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.' [Citations.]" (*In re M.M.* (2012) 54 Cal.4th 530, 536.)

Here, the word "probation" in Welfare and Institutions Code section 790, subdivision (a)(4) is ambiguous. Admittedly, Welfare and Institutions Code sections 654 and 654.2, concerning informal supervision, never use the word "probation." However, as mentioned earlier, the procedure that they establish is commonly called "informal probation." (See, e.g., *In re J.V.* (2010) 181 Cal.App.4th 909, 911 [Fourth Dist., Div. Two].) Moreover, in operation, informal supervision is almost indistinguishable from formal probation without wardship. The main differences are in terms of consent, duration, and whether the juvenile court makes a prior jurisdictional finding. These distinctions do not seem particularly material to whether a failure at one or the other should make the minor ineligible for deferred entry of judgment.[5]

Accordingly, we must consider extrinsic aids, starting with the overall statutory scheme. We note that at least one related statute does refer to informal supervision as "probation." Specifically, Welfare and Institutions Code section 653.5 states that a probation officer must take an application to commence a delinquency proceeding to the

---

[5] Indeed, the fact that the minor fails to complete a rehabilitative program, such as informal supervision, to which he or she has consented would seem to point all the more strongly toward ineligibility.

9

prosecutor within 48 hours under certain specified circumstances (Welf. & Inst. Code, § 653.5, subd. (c)); one of these is "[i]f it appears to the probation officer that the minor has previously been placed in a program of *informal probation pursuant to Section 654*." (Welf. & Inst. Code, § 653.5, subd. (c)(7), italics added.)

We must also consider the legislative history of Welfare and Institutions Code section 790. It was enacted in 2000 as part of Proposition 21, the Gang Violence and Juvenile Crime Prevention Act of 1998. (Proposition 21, § 29.) As already noted, it makes deferred entry of judgment available to certain minors who have allegedly committed a felony. (Welf. & Inst. Code, § 790, subd. (a).)

At the same time, Proposition 21 also enacted Welfare and Institutions Code section 654.3, subdivision (h), which makes a minor who is alleged to have committed a felony offense when the minor was at least 14 years of age ineligible for informal supervision. Thus, according to the official summary of Proposition 21, provided to voters in the ballot pamphlet, it "[e]liminate[d] informal probation for juveniles committing felonies." (Ballot Pamp., Primary Elec. (May 7, 2000) Official Title and Summary prepared by the Attorney General.)

This shows that the voters who enacted Welfare and Institutions Code section 790 were told that informal supervision was a species of probation. Thus, they would have understood the use of the word "probation" in Welfare and Institutions Code section 790, subdivision (a)(4) to include informal supervision. Even more important, it shows that the new deferred entry of judgment procedure was intended to be a substitute for informal

10

supervision when a minor is charged with a felony. In other words, the two procedures were fungible. In that light, it is apparent why the drafters and the electorate would have intended a minor who has already been unsuccessful on informal supervision to be ineligible for deferred entry of judgment — such a minor has demonstrated that deferred entry of judgment is likely to be ineffective.

Finally, the wording of Welfare and Institutions Code section 790, subdivision (a)(4) is closely parallel to — indeed, it appears to have been modeled on — Penal Code section 1000, subdivision (a)(4). Penal Code section 1000 et seq. establishes a deferred entry of judgment procedure in certain drug-related cases, also known as drug diversion. One of the requirements for drug diversion is that "[t]he defendant's record does not indicate that probation or parole has ever been revoked without thereafter being completed." (Pen. Code, § 1000, subd. (a)(4).)

In *People v. Bishop* (1992) 11 Cal.App.4th 1125, the court held that "probation" within the meaning of Penal Code section 1000, subdivision (a)(4) included a "conditional sentence" under Penal Code section 1203b, sometimes also known as summary probation. (*Bishop*, *supra*, at pp. 1128-1135.) It explained:

"We believe such an interpretation is true to the fundamental precept of statutory construction, namely to ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citation.] The primary purpose of the diversion statutes is rehabilitation. [Citations.] The intent underlying the eligibility requirement contained in

11

section 1000(a)(4) is to identify 'those individuals who are most likely to benefit from the diversion program.' [Citation.]

"The probation statutes also have a rehabilitative purpose. [Citation.] Since both diversion and probation depend upon the defendant's cooperation in a program of rehabilitation, it follows that '[a] person who shows willingness to abide by the terms of probation and complete the rehabilitative process is likely to benefit from diversion.' [Citations.] 'Conversely, an individual whose previous probationary grant "has been revoked and not thereafter completed" has evidenced a refusal to abide by the terms and conditions of probation thereby indicating that he [or she] has little chance of succeeding in, or benefiting from, a diversion program.' [Citation.]

"Given these general purposes, there appears to be no rational basis to distinguish between those who have failed successfully to complete formal probation and those who have failed to complete summary probation, or as it is now known, 'conditional sentence.' In either case, the individual has not 'demonstrated his [or her] amenability to the rehabilitative process by completing probation in a satisfactory manner, [and] the Legislature has rendered such individuals ineligible for diversion by virtue of section 1000(a)(4).' [Citation.]" (*People v. Bishop*, *supra*, 11 Cal.App.4th at p. 1130.)

The same reasoning applies here. More to the point, "[t]he drafters of an initiative and the voters who enacted it are presumed to have been aware of the existing statutory law and its judicial construction. [Citations.]" (*People v. Superior Court (Gevorgyan)* (2001) 91 Cal.App.4th 602, 610, overruled on other grounds in *Guillory v. Superior*

*Court* (2003) 31 Cal.4th 168, 178, fn. 5.)  Thus, we must presume that they were aware of *Bishop*'s reasoning and of its resulting construction of Penal Code section 1000, subdivision (a)(4).  By using essentially identical language in Welfare and Institutions Code section 790, subdivision (a)(4), they indicated an intent that it be given an essentially identical construction.

Defendant argues that *Bishop* is distinguishable because it involved a conditional sentence under Penal Code section 1203b, which, unlike informal supervision under Penal Code section 654.2, is imposed after an adjudication or admission of guilt.  This is a distinction without a difference.  The point is that in *Bishop*, the court reasoned that the failure to complete a conditional sentence indicated that the defendant was not amenable to deferred entry of judgment.  Here, identically, the failure to complete informal supervision also indicates that the minor is not amenable to deferred entry of judgment.  The fact that one occurs before and the other occurs after a determination of guilt is irrelevant to the drafters' concern, which was whether the minor is likely to benefit.

Finally, the minor argues that, if informal supervision is probation within the meaning of Welfare and Institutions Code section 790, subdivision (a)(4), then the informal supervision statutes are unconstitutional.  He reasons that, in that event, informal supervision imposes a criminal penalty without any finding beyond a reasonable doubt or any admission that the minor has committed a crime:  "Probation is a criminal penalty.  Imposing a criminal penalty without due process of law is forbidden by our state and federal constitutions."

13

This argument is overblown in light of the fact that, as we said earlier, the issue is fundamentally one of statutory construction. The narrow question before us is whether the electorate intended the word "probation," as used in Welfare and Institutions Code section 790, subdivision (a)(4), to include informal supervision; or, to put it another way, whether the electorate intended a minor whose informal supervision has been revoked to be ineligible for deferred entry of judgment. When we answer "yes," we are not holding that informal supervision constitutes probation for any other purpose.

Accordingly, we have no need to discuss the minor's constitutional contention further. If only out of an excess of caution, however, we reject the minor's contention that anything resembling probation necessarily requires either a finding or an admission of guilt.

Normally, adult probation requires either a finding of guilt beyond a reasonable doubt or an admission of guilt because, from that point on, the defendant's guilt is deemed established. For example, if and when the defendant is found to have violated probation, the trial court can proceed directly to sentencing. (See Pen. Code, § 1203.2, subd. (c).) It is "an essential of the due process guaranteed by the Fourteenth Amendment that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof — defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." (*Jackson v. Virginia* (1979) 443 U.S. 307, 316.)

14

By contrast, informal supervision does not carry with it either the onus of guilt or the exposure to summary punishment. As mentioned, if the minor successfully completes informal supervision, the petition is dismissed. If the minor fails to complete informal supervision, the worst that happens is that the proceedings on the petition pick up where they left off.[6] The conditions imposed in the interim are largely rehabilitative rather than punitive; for example, the juvenile court cannot require a minor to waive his or her Fourth Amendment rights. (*Derick B. v. Superior Court*, *supra*, 180 Cal.App.4th at p. 306.) The statutorily specified permissible conditions include substance abuse treatment, counseling, education, and community service. It is constitutional to impose such conditions based solely on the consent of the minor and the minor's parents. (See *People v. Keller* (1978) 76 Cal.App.3d 827, 838 [adult probationer can consent to conditions reasonably related to the crime or to deterring future criminality], overruled on other grounds in *People v. Welch* (2003) 5 Cal.4th 228, 237.)

We therefore conclude that the trial court correctly ruled that the revocation of the minor's informal supervision rendered him ineligible for deferred entry of judgment.

---

[6] In his reply brief, the minor argues that, if informal supervision is deemed probation, he would have to knowingly and intelligently waive his right to a trial and his right to confront the witnesses against him before consenting to it. We reject this argument for the same reason — informal supervision does not require any finding or admission of guilt. If the minor fails to complete informal supervision successfully, he or she is still entitled to a full trial, including confrontation of witnesses, at that point.

### III

### DISPOSITION

The judgment is affirmed.

CERTIFIED FOR PUBLICATION

RICHLI
                                                                    J.

We concur:

McKINSTER
            Acting P. J.


MILLER
                        J.