Filed 12/10/13  In re Christopher C. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| In re CRISTOPHER C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>CHRISTOPHER C.,<br><br>    Defendant and Appellant. | G048125<br><br>(Super. Ct. No. DL042090)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregory W. Jones, Judge.  Affirmed.

Melanie K. Dorian, under appointment under the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Appellant Christopher C., then within two months of his 18th birthday, initialed and signed a Tahl form (*In re Tahl* (1969) 1 Cal.3d 122) admitting he committed two drug crimes and providing the following facts as the basis for his admissions: "I was in the unlawful possession of a usable quantity of methamphetamine – a controlled substance – as well as a pipe used for smoking controlled substances." The court placed him in a deferred entry of judgment (DEJ) program for a period of one year. The court imposed conditions and minor signed a "Deferred Entry of Judgment Program Contract" (bold omitted) wherein he agreed to abide by these conditions with the understanding that he "[might] be terminated from DEJ and returned to delinquency court for sentencing if the . . . Court determines . . .: [¶] I am not performing satisfactorily in the DEJ program [¶] I am not complying with the terms of this contract [¶] I am not benefiting from education, treatment, or rehabilitation [¶] I become involved in conduct that violates the law." The conditions with which minor agreed to comply included: "[a]ttend school regularly;" and "[d]o not use or possess alcohol or illegal drugs."

Six months later, the court conducted a progress review. The court reviewed a report that disclosed minor had three positive tests for drugs and that his school attendance was "problematic." The court thereupon concluded that "we are not meeting the degree of success, as far as rehabilitation is concerned" and ordered the DEJ program terminated and declared minor a ward of the court, placing him "on formal supervised probation." The report upon which the court relied noted, among other facts, that minor completed less than a third of the program's community services requirement, had been truant on 204 occasions and tardy for 25 classroom periods, and tested positive in three of six drug tests.

Minor contends that substantial evidence fails to support the decision to terminate his DEJ program. As to the failed drug tests, he notes that shortly after the third failed test, minor "began to attend a drug and alcohol treatment program." But this was just shortly before the scheduled progress review. There is no explanation why

2

minor waited several months before beginning a treatment program.  Minor also discounts the finding of "'problematic school attendance.'"  He is correct that the record is unclear whether all of the 204 truancy occasions took place after the court placed him in the DEJ program.  But the report relied on by the court also showed that minor was not receiving credit for four of his five classes.  This would support an inference that a substantial portion of the truancies occurred after minor was placed in the DEJ program.  Minor also acknowledges that "any school attendance issues . . . were seemingly tied to his substance abuse."  Minor's contention that the report showed he was making progress and benefiting from the DEJ program is not supported by the record.  Substantial evidence supports the court's conclusion to terminate DEJ and the court did not abuse its discretion in doing so.

As the Attorney General points out, citing *People v. Bishop* (1992) 11 Cal.App.4th 1125, "diversion . . . depend[s] upon the defendant's cooperation in a program of rehabilitation."  (*Id*. at p. 1130.)  Here evidence supports the trial court's finding the level of cooperation was insufficient and justified in terminating the DEJ program as revised.  The judgment is affirmed.


RYLAARSDAM, ACTING P. J.

WE CONCUR:


MOORE, J.


THOMPSON, J.


3